BOYD, Justice,
concurring in part and dissenting in part.
I concur in all aspects with the majority opinion approving modification of article XIX of the Integration Rule Bylaws except one.
Before becoming a judge a lawyer usually gains broad experience in handling litigation, both in his office and in the courtroom. Usually lawyers establish themselves as competent in many fields of the *26 law before being elected or appointed to serve as judges. Frequently the first judicial offices which they hold are in the trial courts in which they observe the handling of cases by lawyers of all types of legal ability. Just as referees in sporting events must be experts in the rules of the game and standards of conduct, so must judges be experts in the rules of procedure and proper conduct for attorneys in litigation which they consider in court. Having observed judges at all levels in this State for many years, I am totally convinced that all judges, in both the trial and appellate courts, are well qualified to serve as trial lawyers in both civil and criminal cases due to the experiences they have gained both as lawyers and as judges.
I consider it totally illogical and improper for the rule to provide that young lawyers who have appeared in a limited number of trials can meet the “substantial involvement” requirement for certification as civil trial lawyers while denying such qualification to former appellate judges until such time as they again appear in court to handle trials the same as recently admitted attorneys. I would amend the rule to recognize the work experience of all judges as being the equivalent of the civil trial “substantial involvement” required by section 2(a) of the civil trial lawyer certification standards.
APPENDIX
Article XIX
FLORIDA CERTIFICATION PLAN
Section 1. ADMINISTRATION. The Board of Certification, Designation and Advertising (the “Board”) shall have the authority and responsibility to administer the program for regulation of certification including:
(a) Recommend to the Board of Governors areas in which certificates may be granted and provide procedures by which such areas may be determined, redefined or eliminated.
(b) Recommend to the Board of Governors minimum, reasonable and nondiscriminatory standards concerning education, experience, proficiency and other relevant matters for granting certificates in areas of certification.
(c) Provide procedures for the investigation and testing of the qualifications of applicants and certificate holders and to award certificates.
(d) Encourage law schools, the Continuing Legal Education Committee of The Florida Bar, local bar associations and other continuing legal education entities to develop and maintain a program of continuing legal education to meet the standards described by the plan.
(e) Cooperate with other agencies of The Florida Bar in establishing and enforcing standards of professional conduct necessary for the recognition and regulation of certification.
(f) Cooperate with the Standing Committee on Specialization of the American Bar Association and with the agencies in other states engaged in the regulation of legal specialization.
(g) Report as required, but at least annually, to the Board of Governors on the status and conditions of the plan.
(h) Determine standards, rules and regulations to implement this authority in accordance with the limitations of power of the Board of Governors and the minimum standards prescribed by the Supreme Court of Florida.
(i) Delegate to The Florida Bar staff any of the administrative responsibilities of the Board, providing the Board retains responsibility for staff decisions.
Section 2. CERTIFICATION COMMITTEES. For each certification area approved by the Supreme Court of Florida, a seven-member committee, bearing the name of the area, shall be appointed by the president of The Florida Bar, with the advice and consent of the Board of Governors. Members of each committee shall be members in good standing of The Florida Bar, shall have been admitted to The Florida Bar no less than 10 years and must meet such other requirements as may in *27 the future be promulgated by the Board. The committee members shall hold office for three years and until their successors are appointed. The committee members shall be appointed to staggered terms of office, and the initial appointees shall serve as follows: two members shall serve until June 30 next following their appointment; two members shall serve until the second June 30 following their appointment; and three members shall serve until the third June 30 following their appointment. Initial committee appointees shall be eminent attorneys in such field and shall be granted certificates by reason of such appointment. Subsequent appointees must have received a certificate be certified in the area at the time of prior to appointment.
Section 3. JURISDICTION OF CERTIFICATION COMMITTEES. Each certification committee shall be responsible for:
(a) Proposing criteria for the issuance or renewal of a certificate, which may include:
(1) Experience;
(2) References:
(3) Continuing legal education;
(4) Examination, either oral or written or both; and
(5) Whether certificates may be issued without examination and on what basis.
(b) Reviewing applications for certificates.
(c) Reviewing and establishing testing procedures as may be deemed necessary for certification or recertification.
(d) Recommending to the Board certificates be issued to those individuals meeting both the minimum standards imposed by this plan and the particular standards for the area for which certification is sought. Section 4. LIMITATIONS ON THE POWERS OF THE BOARD OF GOVERNORS, THE BOARD OF CERTIFICATION, DESIGNATION AND ADVERTISING, AND THE CERTIFICATION COMMITTEES. The following limitations are established:
(a)No standard shall be approved which shall, in any way, limit the right of a certificate holder to practice law in all areas. Subject to Canon 6, any lawyer, alone or in association with any other lawyer, shall have the right to practice in all areas of law, even though he is certified in a particular area.
(b) No lawyer shall be required to be certified before he can practice law in any particular area. Subject to Canon 6, any lawyer, alone or in association with any other lawyer, shall have the right to practice in all areas of law, even though he is not certified in any particular area.
(c) All requirements for and all benefits to be derived from certification are individual and may not be fulfilled by or attributed to a law firm of which the certified lawyer may be a member.
(d) Participation in the plan shall be on a voluntary basis.
(e) The limit on the number of areas in which a lawyer may be certified shall be determined by such practical limits as are imposed by the requirements of “substantial involvement” and such other standards as may be established by the Board.
(f) No rules or standards shall be adopted in contravention of the Integration Rule, the Bylaws Under the Integration Rule, or the Code of Professional Responsibility.
Section 5. STANDARDS FOR CERTIFICATION.
(a) The minimum standards for certification are prescribed below. Each area of certification established under this article may contain higher or additional standards if approved by the Supreme Court of Florida.
(b) A member in good standing of The Florida Bar who is currently engaged in the full-time practice of law and who meets the requirements of an area’s standards may apply for certification, may be granted a — certificate in an area of certification. From the date the application is filed to the date the certificate is issued, the applicant must continue to practice law full-time and remain a member in good standing of The Florida Bar. The certificate shall be issued by the Board and shall state that the law *28 yer is a “Board Certified (area of certification) Lawyer.”
(c)Minimum requirements for qualifying for certification by examination are:
(1) A minimum of five years in the practice of law on a full-time basis. The “practice of law” means full-time legal work performed primarily for purposes of rendering legal advice or representation. Service as a judge of any court of record shall be deemed to constitute the practice of law. Employment by the government of the United States, any state (including subdivisions of the state such as counties or municipalities) or the District of Columbia, and employment by a public or private corporation or other business shall be deemed to constitute the practice of law if the individual was required as a condition of employment, to be a member of the Bar of any state or the District of Columbia.
(2) A satisfactory showing of substantial involvement in the particular area for which certification is sought during three of the last five years preceding the application for certification.
(3) A satisfactory showing of such continuing legal education in a particular field of law for which certification is sought as set by that area’s standards, but in no event less than the minimum required under the Florida Designation Plan.
(4) Passing a written and/or oral examination applied uniformly to all applicants to demonstrate sufficient knowledge, skills and proficiency in the area for which certification is sought and in the various areas relating to such field. The award of an LL.M. degree from an approved law school in the area for which certification is sought within eight years of application may substitute as the written examination required in this subsection if the area’s standards so provide.
(5) Current certification by an approved organization in the area for which certification is sought within five years of filing an application may^-at-the-option of-tho-eer-tification- committee, substitute as partial equivalent credit, including the written examination required in subsection (c)(4). Approval will be by the Board, following a positive or negative recommendation from the certification committee, with an appeal from-denial-to the Board.
(d) When certification without examination is available in an area, the minimum requirements for such certification are:
(1) A minimum of twenty years in the practice of law on a full-time basis.
(2) A satisfactory showing of competence and substantial involvement in the particular area for which certification is sought during five of the last ten years, including the year immediately preceding the application for certification. Substantial involvement in the practice of law for the one year immediately preceding the application may be waived for good cause shown.
(3) A satisfactory showing of such continuing legal education in a particular field of law for which certification is sought as set by that area’s standards, but in no event less than the minimum required under the Florida Designation Plan.
(4) Certification without examination may be granted only to individuals who apply within two years after the date on which the particular area is approved by the Supreme Court of Florida.
(e) Payment of any fees required by the plan.
Section 6. RECERTIFICATION.
(a) No certificate shall last for period longer than five years.
(b) The minimum standards for recertification are prescribed below. Each area of certification established under this article shall contain requirements and safeguards for the continued proficiency of any certificate holder. The following standards shall apply:
(1) A satisfactory showing of substantial involvement during each year of the period *29 of certification in the particular area for which certification was granted.
(2) A satisfactory showing of such continuing legal education in the area for which certification is granted, but in no event less than the minimum required under the Florida Designation Plan.
(3) The payment of any fees prescribed by the plan.
(c)Any applicant for recertification who has either failed to meet the standards for recertification or has allowed the certificate to lapse, must meet all the requirements for initial certification as set out in Section & the area’s standards.
Section 7. REVOCATION OF CERTIFICATION.
(a) A certificate may be revoked by the Board if the program for certification in that area is terminated or it is determined after hearing on appropriate notice that:
(1) The certificate was issued to a lawyer who was not eligible to receive a certificate or who made any false representation or misstatement of material fact to the certification committee or the Board;
(2) The certificate holder failed to abide by all rules and regulations governing the program promulgated by the Board of Governors or the Board as amended from time to time, including any requirement or safeguard for continued proficiency;
(3) The certificate holder failed to pay any fee established by the plan;
(4) The certificate holder no longer meets the qualifications established by the plan or the Board.
(b) A certificate may be revoked by the Board of Governors by reason of disciplinary action taken pursuant to the Integration Rule, Bylaws under the Integration Rule, or the Code of Professional Responsibility of The Florida Bar.
Section 8. MANNER OF CERTIFICATION.
(a) A member having received a certificate in an area may list the area on his letterhead, business cards, office door, in the yellow pages of the telephone directory, in approved law lists and by such other means permitted by the Code of Professional Responsibility. The listing shall be made by stating “Board Certified (area of certification) Lawyer.”
(b) No law firm may list an area of certification for the firm, but membership in the firm does not impair an individual’s eligibility to list areas of certification in accordance with this article. Except for the firm listing in the telephone directory, a law firm may show next to the name of any firm members their certification area(s).
Section 9. RIGHT OF APPEAL.
A lawyer who is refused certification, re-certification, or whose certificate is revoked by the Board, or any person who is aggrieved by a ruling or determination of the Board shall have the right to appeal the ruling to the Board- of Governors under such rules and regulations as it may prescribe. Exhaustion of this right of appeal shall be a condition precedent to judicial review by the Supreme Court of Florida.
Section 10. FEES.
The fees for the operation of this plan are:
(a) Filing fee. $150. This is for the filing and review of an individual’s certification application. This fee is not refundable regardless of the disposition of the individual’s application.
(b) Examination/Certification fee. $150. This fee must be paid before the taking of the examination for certification or before an applicant who otherwise qualifies receives his certificate. This fee is not refundable regardless of the results of the applicant’s test.
(c) Annual fee. $50. This fee is assessed against each plan participant, at the time that participant-files a list- of the approved continuing — legal—education—accumulated during the preceding year.
(d) Course approval fee. $125. This fee is assessed against sponsors who want their course approved under the Plan.
(e) Individual credit approval. $5. This fee is assessed against applicants or Plan participants to cover administrative costs *30 of processing a credit request where a sponsor refuses to cooperate with approval under the Plan.
Section 11. PUBLIC NOTICE.
(a) The Florida Bar may cause a public notice to be promulgated where and when it deems necessary, including for example, telephone directories, in substantially the following form:
‘NOTICE FOR THE GENERAL INFORMATION OF THE PUBLIC ATTORNEYS-MA¥ — LIST—THEIR—AREAS OF PRACTICE-I-N- THE YELLOW PAGES WITHOUT-MEETING ANY SPECIFIC-GRI-T-ERIA. “DESIGNATED-ATTORNEYS” HAVE MET MINIMUM EXPERIENCE - -AND -EDUCATIONAL REQUIREMENTS UNDER THE FLORIDA DESIGNATION PLAN.-ATTORNEYS ■INDI-CAT-I-NG THEY ARE — BOARD- CERTIFIED ”■ HAVE BEEN-IDENTIFIED BY THE FLORIDA BAR AS HAVING MET RIGOROUS REQUIREMENTS OF EXPERIENCE-A-ND EDUCATION- IN THOSE AREAS.
ATTORNEYS INDICATING THEY ARE “BOARD CERTIFIED” HAVE BEEN IDENTIFIED BY THE FLORIDA BAR AS HAVING SPECIAL KNOWLEDGE, SKILLS AND PROFICIENCY IN THEIR AREA OF PRACTICE. “FLORIDA BAR DESIGNATED” ATTORNEYS HAVE MET MINIMUM EXPERIENCE AND EDUCATIONAL REQUIREMENTS UNDER THE FLORIDA DESIGNATION PLAN. “FLORIDA BAR MEMBERS” MAY LIST THEIR AREAS OF PRACTICE IN THE YELLOW PAGES WITHOUT MEETING ANY SPECIFIC CRITERIA.
ALL PERSONS ARE URGED TO MAKE THEIR OWN INDEPENDENT INVESTIGATION AND EVALUATION OF ANY ATTORNEY BEING CONSIDERED. This notice published by The Florida Bar, telephone A.C. 904/222-5286, Tallahassee, Florida 32301-8226.
(b) The Florida Bar shall assume no liability to any persons whomsoever by reason of the adoption and implementation of the plan.
Section 12. CONFIDENTIALITY. All matters including but not limited to applications, references, tests and test scores, files, reports, investigations, hearings, findings, and recommendations shall be confidential so far as consistent with the effective administration of this plan, fairness to the applicant, and due process of law.
STANDARDS FOR CERTIFICATION OF A BOARD CERTIFIED CIVIL TRIAL LAWYER
Lawyers who are members in good standing of The Florida Bar and who meet the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a Board Certified Civil Trial Lawyer. The purpose of the standards is to identify those lawyers who practice civil trial law and have the special knowledge, skills, and proficiency to be properly identified to the public as certified civil trial lawyers.
Section 1. DEFINITIONS.
(a) “Civil trial law” is the practice of law dealing with litigation of civil controversies in all areas of substantive law before state courts, federal courts, administrative agencies and arbitrators. In addition to actual pretrial and trial process, “civil trial law” includes evaluating, handling, and resolving civil controversies prior to the initiation of suit.
(b) The “practice of law” for this area is defined as set out at Section 5(c)(1) of Article XIX of the Integration Rule Bylaws governing the Florida Certification Plan. Practice of law which otherwise satisfies these requirements but which is on a part-time basis will satisfy the requirement if the balance of the applicant’s activity is work such as law teaching or legal editorial duty-which-is-legal-in-nature although not the practice of law. spent as a teacher of civil trial subjects in an accredited law school.
Section 2. MINIMUM STANDARDS.
*31 (a)Substantial Involvement. To become certified as a civil trial lawyer, a lawyer must demonstrate substantial involvement in civil trial law. Substantial involvement shall include:
(1) At least five years of actual practice of law of which at least thirty percent has been spent in active participation in civil trial law. At least three years of this practice shall be immediately preceding application or, during those three years, the applicant may have served as a judge of a court of general civil jurisdiction adjudicating civil trial matters, or as a teacher-of-civil — trial subjects in an accredited law school.
(2) The trial of a minimum of fifteen contested civil cases in courts of general jurisdiction (excluding dissolution of marriage cases) during his practice. Of these fifteen cases several shall have been jury cases, several shall have been conducted by the applicant as lead counsel and several shall have been submitted to the trier of fact. At least five of the fifteen cases, including some jury cases, and some cases conducted by the applicant as lead counsel shall have been tried during the three years immediately preceding application. If the applicant does not meet these criteria, as contained in the immediately preceding sentence, the Civil Trial Certification Committee may review the applicant’s trial experience to determine if the applicant has demonstrated special competence as a civil trial lawyer. In all events, in the three years immediately preceding application, the applicant must have conducted at least three trials, including at least one jury trial and one trial as lead counsel. On good cause shown, for satisfaction in part of the requirement of the fifteen contested civil cases the Civil Trial Certification Committee may consider involvement in protracted litigation.
(3) Within three years immediately preceding application the applicant shall have substantial involvement in contested civil matters sufficient to demonstrate special competence as a civil trial lawyer. Substantial involvement includes investigation, evaluation, pleading, discovery, taking of testimony, presentation of evidence and argument of a jury or nonjury cases. For good cause shown, the Civil Trial Certification Committee may waive two of the three years substantial involvement for individuals who have served as judges of courts of general jurisdiction adjudicating civil trial matters. In no event may the year immediately preceding application be waived.
(b) References. The applicant shall select and submit names and addresses of six lawyers, not associates or partners, as references to attest to the applicant’s involvement in civil trial practice. Such lawyers themselves shall be substantially involved in civil trial law and shall be familiar with the applicant’s practice. No less than one shall be a judge of a court of general jurisdiction in the State of Florida before whom the applicant has appeared as an advocate in the two years immediately preceding the application. In addition, the Civil Trial Certification Committee may, at its option, send reference forms to other attorneys and judges. For good cause shown, one of these references listed may be waived by ■the-Civil-Trial ■ Certification Committee, but in no event more than one.
(c) Education. The applicant shall make a satisfactory showing that within the five three years immediately preceding application he has minimum approved postgraduate educational experience in the broad field of civil trial law. Such experience shall be at programs approved by The Florida Bar and may include such activity as:
(1) Teaching a course in civil trial law;
(2) Completion of a course in civil trial law;
(3) Participation as a panelist or speaker in a symposium or similar program in civil trial law;
(4) Attendance at a lecture series or similar program concerning civil trial law, sponsored by a qualified educational institution or Bar group;
(5) Authorship of a book or article on civil trial law, published in a professional publication or journal;
*32 (6) Such other educational experience as the Civil Trial Certification Committee shall approve.
PROVIDED HOWEVER, for applications filed in.-the years 1981-and 1982 there shall be a minimum of-30 hours, For applications filed in the year 1983 there shall be a minimum of 40 hours. For applications filed in the year 1984 and thereafter there shall be a minimum of 50 hours.
(d) Examination. The applicant must pass an a written examination applied uniformly to all applicants, to demonstrate sufficient knowledge, proficiency and experience in civil trial law to justify the representation of special competence to the legal profession and to the public.
Section 3. RECERTIFICATION. Re-certification shall be under the following standards:
(a)(1) The applicant must show that during-the certification period he has met the substantial involvement criteria set forth-in-Section 2(a)(1) and (2). Continuous and substantial involvement in the practice of law, of which thirty percent has been spent in active participation in civil trial law throughout the period since the last date of certification. The demonstration of substantial involvement shall be made in accordance with the standards set forth in Section 2(a)(3).
(b) The trial of a minimum of three contested civil cases in courts of general jurisdiction (excluding dissolution of marriage cases) during the period since the last date of certification. Of these three cases at least one shall have been a jury case and at least two shall have been conducted by the applicant as lead counsel. On good cause shown, for satisfaction in part of the requirement of the three contested civil cases the Civil Trial Certification Committee may consider involvement in protracted litigation.
(c)(2) The applicant must submit references for knowledge and experience in accordance with Section 2(b). The references submitted must be able to attest to the applicant’s practice and involvement in civil trial practice throughout the period since the last date of certification.
(d)(3) For each year of-certification the applicant--must show a minimum of 10 hours of approved educational exper-i-eae&r The applicant must demonstrate he has completed at least 50 hours of approved continuing legal education since the last date of certification. This requirement shall be satisfied by the applicant’s participation in postgraduate education approved by The Florida Bar pursuant to in--accordance -with the provisions of Section 2(c)(l)-(6).
(e)(4) On special application, for good cause shown, the Civil Trial Certification Committee may waive compliance with the substantial involvement criteria provided all other requirements of this Section 2 have been complied with.
STANDARDS FOR CERTIFICATION OF A BOARD CERTIFIED TAX LAWYER
Lawyers who are members in good standing of The Florida Bar and who meet the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a Board Certified Tax Lawyer. The purpose of the standards is to identify those lawyers who practice in the area of taxation and have the special knowledge, skills, and proficiency to be properly identified to the public as certified tax lawyers.
Section 1. DEFINITIONS.
(a) “Tax law” means legal issues involving federal, state or local income, estate, gift, ad valorem, excise or other taxes.
(b) The “practice of law” for this area is defined as set out at Section 5(c)(1) of Article XIX of the Integration Rule Bylaws governing the Florida Certification Plan. Notwithstanding anything in the definition to the contrary, legal work done primarily for the purpose other than legal advice or representation (including, but not limited to, work related to the sale of insurance or retirement plan or work in connection with the practice of a profession other than the law) shall not be treated as the practice of law. However, time devoted to obtaining an-LL.M. in taxation from an approved-law *33 school-shall be considered as the practice of
Section 2. MINIMUM STANDARDS.
(a) Minimum Period of Practice. Every applicant shall have been engaged in the practice of law in the United States, or engaged in the practice of United States law while in a foreign country, and shall have been a member in good standing of the Bar of any state of the United States or the District of Columbia for a period of five years as of the date of application.
(1) The years of practice of law need not be consecutive.
(2) Notwithstanding the definition of “practice of law” in Section 1(b), receipt of an LL.M. degree in Taxation (or such other related fields approved by the Board and Tax Certification Committee) from an approved law school may substitute for one-year-of experience shall be deemed to constitute one year of the practice of law for purposes to meet of the five-year practice requirement (but not the five-year bar membership requirement) under this section. Provided, however, an applicant may not receive credit for more than one year of practice for any twelve month period under this section; accordingly, for example, an applicant who, while being engaged in the practice of law, receives an LL.M. degree by attending night classes, would not receive credit for the practice of law requirement by virtue of his having received the LL.M. degree.
(b) Substantial Involvement. Every applicant must demonstrate substantial involvement in the practice of tax law during the three years immediately preceding the date of application. Upon an applicant’s request and the recommendation of the Tax Certification Committee, the Board may waive the requirement that the three years be “immediately preceding” the date of application if the Board determines the waiver is warranted by special and compelling circumstances. Substantial involvement means the applicant has devoted forty percent or more of his practice to matters in which issues of tax law are significant factors and in which he had substantial and direct participation in those tax issues. An applicant must furnish information concerning the frequency of his work and the nature of the issues involved. For the purposes of this section the “practice of law” shall be as defined in Section 1(b) except that it shall also include time devoted to lecturing and/or authoring books or articles on tax law if the applicant was engaged in the practice of law during such period. Demonstration of compliance with this requirement shall be made initially through a form of questionnaire approved by the Tax Certification Committee but written or oral supplementation may be required.
(c) References for Knowledge and Experience. Every applicant shall submit the names and addresses of five other attorneys who are familiar with his practice, not including attorneys who currently practice in the applicant’s law firm, who can attest to the applicant’s reputation for involvement in the field of tax law. The Board and the Tax Certification Committee may authorize references from persons other than attorneys in such cases as they deem appropriate. The Board and the Tax Certification Committee may also make such additional inquiries as they deem appropriate.
(d) Education. Every applicant must demonstrate that during the three-year period immediately preceding the date of his application, he has met the continuing legal education requirements in tax law as follows. During the first three years after the plan’s implementation, the required number of hours of continuing legal education shall be sixty hours which shall have been attained during the three-year period preceding the date of application. Thereafter, the required number of hours shall be established by the Board but shall in no event be less than ninety hours. Credit for attendance at continuing legal education seminars shall only be given for programs which are directly related to tax law. However, during the first three two years of the plan any courses approved for full or *34 partial credit in taxation or estate planning and administration (but-only to the extent of the tax aspects of estate planning and administration) under The Florida Bar Designation Plan shall be given equal credit for the purposes of the education requirement under this section. The education requirement may be satisfied by one or more of the following:
(1) Attendance at continuing legal education seminars meeting the requirements set forth above;
(2) Lecturing at, and/or serving on the steering committee of, such continuing legal education seminars;
(3) Authoring articles or books published in professional periodicals or other professional publications;
(4) Teaching courses in “tax law” at an approved law school or other graduate level program presented by a recognized professional education association;
(5) Completing such home study programs as may be approved by the Board and the Tax Certification Committee, subject to the limitation that no more than fifty percent (50%) of the required number of hours of education may be satisfied through home study programs; and
(6) Such other methods as may be approved by the Board and the Tax Certification Committee.
The Board and the Tax Certification Committee shall, by rule or regulation, establish standards applicable to (1) through (6) above, including, but not limited to, the method of establishment of the number of hours allocable to any of the above-listed categories. Such rules or regulations shall provide that hours shall be allocable to each separate but substantially different lecture, article or other activity described in subsections (2), (3) and (4) above.
(e) Examination. Every applicant must pass a written examination designed to demonstrate sufficient knowledge, skills, and proficiency in' the field of tax law. Any~applicant who has received an LL.M. in taxation or other approved field-fr-om an approved law school within eight years of-the date of-application- shall- be-exempt from the written examination requirements under this section.
Section 3. SPECIAL-CERTIFICATION
As a substitute for-meeting the certification requirements sebT-orth in Section 2, an attorney may- be certified in — tax-law-if-within eighteen months- after the plan is officially implemented, he files an-application and-meets the following requirements.
(1) A minimum of twenty-years of the
(2) A satisfactory showing, as determined by the Board and the Tax Certification Committee, of substantial involvement in the field of tax law for seven of the ten years preceding the-date-of application and for the twelve-month period immediately preceding such date. — The Board and the Tax Certification-Committee may waive the twelve-month-requirement-upon request of an applicant if they determine that a waiver is warranted by special — and compelling circumstances. An applicant must demonstrate substantial involvement in-accordance-with the criteria set forth--in-§ection-2(-b)-
(3) Demonstration -that the applicant has had not less than sixty hours of continuing legal education, determined in accordance- with the standards established under Section 2(d), during the three years immediately preceding the date of application?
(4) Submittal to — the—Board—of the names and-addresses of five other attorneys who are familiar with his practice, not including attorneys who currently practice in-the-applicant’s law-firm, who can attest-to the applicant’s-reputatien for involvement in the field of-tax law-The Board and the- Tax Certification Committee — may—authorize—references from — persons other — than attorneys in such cases as they — deem appropriate? -The Board and the- Tax Certification Committee-may-also make such additional inquiries as they-deem appropriate?
*35 Section 3 4 RECERTIFICATION. To be eligible for recertification, an applicant must meet the following requirements:
(1) A satisfactory showing, as determined by the Board and the Tax Certification Committee, of continuous and substantial involvement in the field of tax law throughout the period since the last date of certification. The demonstration of substantial involvement shall be made in accordance with the standards set forth in Section 2(b), except that the Board and the Tax Certification Committee may accept an affidavit from the applicant attesting to his compliance with the substantial involvement requirement.
(2) Demonstration that he has completed at least 150 hours of continuing legal education since the last date of certification (or recertification). The continuing legal education must logically be expected to enhance the proficiency of attorneys who are Board Certified Tax Lawyers. If the applicant has not attained 150 hours of continuing legal education, but has attained more than sixty hours during such period, successful passage of the written examination given by the Board to new applicants shall satisfy the continuing legal education requirements.
(3) Completion of the reference requirements set forth in Section 2(c).
(4) If, after reviewing the material submitted by an applicant for recertification, the Board and the Tax Certification Committee determine that the applicant may not meet the standards in tax law established under this article, the Board and the Tax Certification Committee may require, as a condition of recertification, that the applicant pass the written examination given by the Board to new applicants.
STANDARDS FOR CERTIFICATION OF A BOARD CERTIFIED MARITAL AND FAMILY LAWYER
Lawyers who are members in good standing of The Florida Bar and who meet the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a Board Certified Marital and Family Lawyer. The purpose of the standards is to identify those lawyers who practice marital and family law and have the special knowledge, skills, and proficiency to be properly identified to the public as certified marital and family lawyers.
SECTION 1 — DEFINITIONS
(a) “Marital and Family Law” is the practice of law dealing with legal problems arising from the family relationship of husband and wife and parent and child, including litigation of civil controversies arising from those relationships. In addition to actual pretrial and trial process, “marital and family law” includes evaluating, handling and resolving such controversies pri- or to the institution of suit and post judgment proceedings.
(b) The “practice of law” for this area is defined as set out at Section 5(c)(1) of Article XIX of the Integration Rule Bylaws governing the Florida Certification Plan. Practice of law which otherwise satisfies these requirements but which is on a part-time basis will satisfy the requirement if the balance of the applicant’s activity is spent as a teacher of family law subjects in an accredited law school.
SECTION 2 — MINIMUM STANDARDS
(a) Substantial Involvement. To become certified as a marital and family lawyer, an applicant must demonstrate substantial involvement in marital and family law. Substantial involvement shall include:
(1) At least five years of actual practice of law of which at least thirty percent has been spent in active participation in marital and family law. These five years of practice shall be immediately preceding application.
(2) The trial of a minimum of twenty-five contested marital and family law cases in circuit courts during the five years immediately preceding application. All such cases must have involved substantial legal or factual issues other than the dissolution of marriage. In each of these twenty-five cases the applicant shall have been responsible for all or a majority of the presenta *36 tion of evidence and representation of the client. At least ten of the twenty-five cases must have been submitted to the trier of fact for resolution of one or more contested issues. On good cause shown, for satisfaction in part of the requirement of the twenty-five contested marital and family law cases, the Marital' and Family Law Certification Committee may consider involvement in protracted litigation.
(3)Within three years immediately preceding application the applicant shall have substantial involvement in contested marital and family law cases sufficient to demonstrate special competence as a marital and family lawyer. Substantial involvement includes active participation in client interviewing, counseling and investigating, preparation of pleadings, participation in discovery, taking of testimony, presentation of evidence, negotiation of settlement, drafting and preparation of marital settlement agreements, and argument and trial of marital and family law cases. Substantial involvement also includes active participation in the appeal of marital and family law cases.
(b) References. The applicant shall select and submit names and addresses of six lawyers, not associates or partners, as references to attest to the applicant’s involvement in marital and family law. Such lawyers themselves shall be substantially involved in marital and family law and shall be familiar with the applicant’s practice. No less than two shall be judges of circuit courts in the State of Florida before whom the applicant has appeared as an advocate in a trial of a marital and family law case in the two years immediately preceding the application. In addition, the Marital and Family Law Certification Committee may, at its option, send reference forms to other attorneys and judges, and make such other investigation as necessary.
(c) Education. The applicant shall make a satisfactory showing that within the three years immediately preceding application he has minimum approved postgraduate educational experience in the field of marital and family law. Such experience shall be at programs approved by The Florida Bar and may include such activity as:
(1) Teaching a course in marital and family law;
(2) Completion of a course in marital and family law;
(3) Participation as a panelist or speaker in a symposium or similar program in marital and family law;
(4) Attendance at a lecture series or similar program concerning marital and family law, sponsored by a qualified educational institution or Bar group;
(5) Authorship of a book or article on marital and family law, published in a professional publication or journal;
(6) Such other educational experience as the Marital and Family Law Certification Committee shall approve.
For applications filed in 1984 there shall be a minimum of 40 hours. For applications filed in the year 1985 and thereafter there shall be a minimum of 50 hours.
(d)Examination. The applicant must pass an examination applied uniformly to all applicants, to demonstrate sufficient knowledge, proficiency and experience in marital and family law to justify representation of special competence to the legal profession and to the public.
SECTION 3 — CIRCUIT JUDGES
An applicant who has served as a circuit judge within the five years immediately preceding application may be eligible for certification if he:
(a) Devoted at least thirty percent of his practice or judicial labor to adjudicating marital and family law cases during the five years immediately preceding application.
(b) Either presided over as a judge or handled as an advocate the trial of a minimum of twenty-five contested marital and family law cases in circuit courts during the five years immediately preceding application. All such cases must have involved substantial legal or factual issues other than the dissolution of marriage. At least ten of such cases must have been sub *37 mitted to the trier of fact for resolution of one or more contested issues. If the applicant handled the cases as an advocate, he must have been responsible for all or a majority of the presentation of evidence and representation of the client.
(c) Meets the requirements of Section 2(a)(3) during the year immediately preceding application.
(d) Submits the references required by Section 2(b).
(e) Has accumulated the minimum approved postgraduate education in the field of marital and family law as required by Section 2(c).
(f) Successfully passes the examination required by Section 2(d).
SECTION 4 — RECERTIFICATION
To be eligible for recertification, an applicant must meet the following requirements:
(a) Continuous and substantial involvement in the field of marital and family law throughout the period since the last date of certification. The demonstration of substantial involvement shall be made in accordance with the standards set forth in Section 2(a)(1) and (3) and Section 3(a).
(b) Either presided over as a judge or handled as an advocate since certification or the last recertification a minimum of fifteen contested marital and family law cases in circuit courts. All such cases must have involved substantial legal or factual issues other than the dissolution of marriage. At least five of such cases must have been submitted to the trier of fact for resolution of one or more contested issues. If the applicant handled the cases as an advocate, he must have been responsible for all or a majority of the presentation of the evidence and representation of the client. On good cause shown, for satisfaction in part of the fifteen contested marital and family law cases, the Marital and Family Law Certification Committee may consider involvement in protracted litigation.
(c) Completion of at least 75 hours of continuing legal education since the last date of certification (or recertification). The continuing legal education must logically be expected to enhance the proficiency of attorneys who are Board Certified Marital and Family Lawyers. If the applicant has not attained 75 hours of continuing legal education, but has attained more than fifty hours during such period, successful passage of the examination given to new applicants shall satisfy the continuing legal education requirements.
(d)Completion of the reference requirements set forth in Section 2(b).